UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


LESLIE SHERMAN                                CASE NO.  2:22-CV-03473

VERSUS                                        JUDGE JAMES D. CAIN, JR.

ALLSTATE   VEHICLE   &   PROPERTY   MAGISTRATE JUDGE KAY
INSURANCE CO


<u>**MEMORANDUM RULING**</u>

Before the court is a Motion to Dismiss [doc. 23] filed pursuant to Federal Rules of

Civil Procedure 12(b)(1) and 12(b)(6) by defendant Allstate Vehicle & Property Insurance

Company. Plaintiff has filed a notice of no opposition. Doc. 25.

**I.**
**BACKGROUND**

This suit arises from alleged damage to plaintiff's home at 3239 Fairwood Lane,

Lake Charles, Louisiana, in Hurricane Laura, which made landfall in Southwest Louisiana

on August 27, 2020, and Hurricane Delta, which impacted the same area on October 9,

2020. Plaintiff filed suit in this court on August 23, 2022, alleging that the residence was

insured at all relevant times under a policy issued by Allstate and that Allstate had failed

to timely or adequately compensate her for covered losses. Doc. 1. At that time she was

represented by attorneys from the firm of McClenny Moseley & Associates, PLLC

("MMA"). Plaintiff's case was stayed along with others filed by MMA due to irregularities

in those cases, including duplicate suits, suits filed against the wrong insurer, suits filed on

behalf of parties with no knowledge of the filing, and suits filed on behalf of parties who

had already settled their claims. All attorneys affiliated with MMA were subsequently suspended from practice in the United States District Court for the Western District of Louisiana because of this and other misconduct. *See* docs. 4, 8.

New counsel enrolled for plaintiff on July 6, 2023, and the stay was lifted. Doc. 14. Allstate then filed the instant Motion to Dismiss, showing that it never issued a policy covering the property at 3239 Fairwood Lane for the alleged times of loss. *See* doc. 23, att. 2. Accordingly, it moves for dismissal of all claims on the basis of either (1) lack of standing under Rule 12(b)(1) or (2) failure to state a claim under Rule 12(b)(6). Doc. 23, att. 1. Plaintiff has filed a notice of no opposition to the motion. Doc. 25.

## II.
### LAW & APPLICATION

### A.  Legal Standard

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). Accordingly, when a Rule 12(b)(1) motion is filed in conjunction with other motions to dismiss, the court should first consider the jurisdictional dispute. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden lies with the party seeking to invoke the court's jurisdiction. *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If a party submits evidence in support of its Rule 12(b)(1) motion, the nonmovant must prove by a

preponderance of the evidence that jurisdiction exists. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). The motion should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Williams v. Certain Underwriters at Lloyd's of London*, 398 F. App'x 44, 46 (5th Cir. 2010) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

### B. Application

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). A threshold requirement of subject matter jurisdiction is that the suit be brought by a party with standing to litigate it. *E.g., Cobb v. Central States S.W. and S.E. Areas Pension Fund*, 461 F.3d 632, 635 (5th Cir. 2006). To establish standing, a plaintiff must show that she has suffered an injury in fact, fairly traceable to defendant's actions, and that the injury will likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590 (1992).

Here defendant shows, and plaintiff does not dispute, that Allstate had no policy in place over plaintiff's property for the alleged dates of loss. Any injury plaintiff suffered due to inadequate or delayed insurance payments is not fairly traceable to Allstate's conduct. Accordingly, plaintiff lacks standing to bring her claims for breach of insurance contract and bad faith against Allstate.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 23] will be **GRANTED** and all claims in this matter will be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**THUS DONE AND SIGNED** in Chambers on the 8th day of November, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**